# **EXHIBIT C**

**UNITED STATES OF AMERICA
Before the
SECURITIES AND EXCHANGE COMMISSION**

**SECURITIES EXCHANGE ACT OF 1934**
Release No. 60615 / September 2, 2009

**ADMINISTRATIVE PROCEEDING**
File No. 3-13608

| | |
|---|---|
| **In the Matter of**<br><br>**RONALD E. HARDY, JR.,**<br><br>Respondent. | **ORDER INSTITUTING ADMINISTRATIVE PROCEEDINGS PURSUANT TO SECTION 15(b) OF THE SECURITIES EXCHANGE ACT OF 1934, MAKING FINDINGS, AND IMPOSING REMEDIAL SANCTIONS** |

**I.**

The Securities and Exchange Commission ("Commission") deems it appropriate and in the public interest that public administrative proceedings be, and hereby are, instituted pursuant to Section 15(b) of the Securities Exchange Act of 1934 ("Exchange Act") against Ronald E. Hardy, Jr. ("Respondent").

**II.**

In anticipation of the institution of these proceedings, Respondent has submitted an Offer of Settlement (the "Offer") which the Commission has determined to accept. Solely for the purpose of these proceedings and any other proceedings brought by or on behalf of the Commission, or to which the Commission is a party, and without admitting or denying the findings herein, except as to the Commission's jurisdiction over him and the subject matter of these proceedings, and the findings contained in Section III.2 below, which are admitted, Respondent consents to the entry of this Order Instituting Administrative Proceedings Pursuant to Section 15(b) of the Securities Exchange Act of 1934, Making Findings, and Imposing Remedial Sanctions ("Order"), as set forth below.

**III.**

On the basis of this Order and Respondent's Offer, the Commission finds that:

1. From June 20, 2007 through August 10, 2009, Hardy was a registered representative associated with Aura Financial Services, Inc. ("Aura"), a broker-dealer registered with the Commission. Hardy, 34 years old, is a resident of Port Jefferson Station, New York.

2. On August 10, 2009, a final judgment was entered by consent against Hardy, permanently enjoining him from future violations of Section 17(a) of the Securities Act of 1933 ("Securities Act") and Section 10(b) of the Exchange Act and Rule 10b-5 thereunder, in the civil action entitled Securities and Exchange Commission v. Aura Financial Services, Inc., et al., Civil Action Number 09-CIV-21592, in the United States District Court for the Southern District of Florida.

3. The Commission's complaint alleged that from September 2008 through December 2008, Hardy made untrue statements of material facts to multiple Aura clients. Additionally, the complaint alleged that from January 2008 through April 2009, Hardy made unauthorized trades in, and "churned" the accounts of, multiple Aura clients by engaging in excessive trading to generate commissions for himself rather than in the clients' interests. The complaint alleged that these actions operated as a fraud and deceit on investors.

**IV.**

In view of the foregoing, the Commission deems it appropriate and in the public interest to impose the sanctions agreed to in Respondent Hardy's Offer.

Accordingly, it is hereby ORDERED:

Pursuant to Section 15(b)(6) of the Exchange Act, that Respondent Hardy be, and hereby is barred from association with any broker or dealer;

Any reapplication for association by the Respondent will be subject to the applicable laws and regulations governing the reentry process, and reentry may be conditioned upon a number of factors, including, but not limited to, the satisfaction of any or all of the following: (a) any disgorgement ordered against the Respondent, whether or not the Commission has fully or partially waived payment of such disgorgement; (b) any arbitration award related to the conduct that served as the basis for the Commission order; (c) any self-regulatory organization arbitration award to a

customer, whether or not related to the conduct that served as the basis for the Commission order; and (d) any restitution order by a self-regulatory organization, whether or not related to the conduct that served as the basis for the Commission order.

  For the Commission, by its Secretary, pursuant to delegated authority.

                Elizabeth M. Murphy
                Secretary