# **EXHIBIT D**

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 09-21592-CIV-MORENO

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

vs.

AURA FINANCIAL SERVICES, INC., RONALD E. HARDY, JR., PETER C. DUNNE, QAIS R. BHAVNAGARI, DIPIN MALLA, SANDEEP SINGH, and RAYMOND RAPAGLIA,

Defendants.
_____/

## ORDER ADOPTING MAGISTRATE'S REPORT AND RECOMMENDATION AND ENTERING FINAL JUDGMENT AGAINST DEFENDANT RONALD E. HARDY, JR.

THE MATTER was referred to the Honorable Edwin G. Torres, United States Magistrate Judge for a Report and Recommendation on Plaintiff's Motion for Final Judgment Ordering Injunctive Relief, Disgorgement, Prejudgment Interest, and a Civil Penalty Against Defendant (**D.E. No. 54**), filed on **September 26, 2009**. The Magistrate Judge filed a Report and Recommendation (**D.E. No. 63**) on **November 10, 2009**. The Court has reviewed the entire file and record. The Court has made a *de novo* review of the issues and notes that no objections to the Magistrate Judge's Report and Recommendation have been filed, and being otherwise fully advised in the premises, it is

**ADJUDGED** that United States Magistrate Judge Edwin G. Torres's Report and Recommendation (**D.E. No. 63**) is **AFFIRMED** and **ADOPTED**. Accordingly, it is

**ADJUDGED** that:

1. Defendant Ronald E. Hardy, Jr. is permanently restrained and enjoined from violating,

directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

      a)     to employ any device, scheme, or artifice to defraud;

      b)     to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

      c)     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

2.     Defendant Ronald E. Hardy, Jr. is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

      a)     to employ any device, scheme, or artifice to defraud;

      b)     to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

      c)     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

3.     Defendant Ronald E. Hardy, Jr. is liable for disgorgement of **$228,361.98**, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of **$3,821.25**, and a civil penalty in the amount of

**$130,000.00** pursuant to Section 20(d) of the Securities Act and Section 21(d)(3) of the Exchange Act. The Commission may enforce the Court's judgment by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after ten (10) days following entry of the Final Judgment. In response to any such civil contempt motion by the Commission, the Defendant may assert any legally permissible defense. Payments under this paragraph shall be made to the Clerk of this Court, together with a cover letter identifying Ronald E. Hardy, Jr. as a Defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall simultaneously transmit photocopies of each such payment and letter to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Defendant. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

4. The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS") or any other type of interest bearing account that is utilized by the Court. These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in the interest bearing account until further order of the Court. In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States.

5. The Commission may by motion propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any

such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

6. This Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

DONE AND ORDERED in Chambers at Miami, Florida, this 7th day of January, 2010.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

United States Magistrate Judge Edwin G. Torres

Counsel of Record

-4-